AMENDMENT OF RULES 2, 4, 7 AND 8 OF RULES GOVERNING ADMISSION TO PRACTICE OF LAW



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:AMENDMENT OF RULES 2, 4, 7 AND 8 OF RULES GOVERNING ADMISSION TO PRACTICE OF LAW

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 AMENDMENT OF RULES 2, 4, 7 AND 8 OF RULES GOVERNING ADMISSION TO PRACTICE OF LAW
2021 OK 50
Case Number: SCBD-7139
Decided: 10/18/2021
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2021 OK 50, __ P.3d __

 


In Re: Amendment of Rules Two, Four, Seven and Eight of the Rules Governing Admission to the Practice of Law, 5 O.S. 2011, Ch. 1, app. 5
ORDER
This matter comes on before this Court upon an Application to Amend Rules Two, Four, Seven and Eight of the Rules Governing Admission to the Practice of Law, 5 O.S. 2011, Ch. 1, app 5. This Court finds that it has jurisdiction over this matter and the Rules are hereby amended as set out in Exhibit A attached hereto, effective December 1, 2021.
DONE BY THE SUPREME COURT IN CONFERENCE this 18th day of October, 2021.
/S/CHIEF JUSTICE
ALL JUSTICES CONCUR.




EXHIBIT A
Rules Governing Admission to the Practice of Law in the State of Oklahoma
Chapter 1, App. 5
Rule 2. Admission Upon Motion Without Examination.
For purposes of this Rule, the term "reciprocal state" shall mean a state which grants Oklahoma judges and lawyers the right of admission on motion, without the requirement of taking an examination and whose requirements for admission are similar to Oklahoma's admission upon motion without examination standards. Reciprocal state includes the District of Columbia, territories, districts, and commonwealths or possessions of the United States.
The following persons, when found by the Board of Bar Examiners to be qualified under Section I and 2 of Rule One, may be admitted by the Supreme Court to the practice of law in the State of Oklahoma upon the recommendation and motion of the Board, without examination:
Section 1. Persons who are graduates of an American Bar Association approved law school, have been lawfully admitted to practice and are in good standing on active status by a reciprocal state, and have engaged in the actual and continuous practice of law under the supervision and subject to the disciplinary requirements of a reciprocal state bar association or supreme court for at least three of five of the seven years immediately preceding application for admission under this Rule. The years of practice earned under the supervision and subject to the disciplinary requirements of multiple reciprocal states may be combined. "Practice of Law" shall not be required to occur outside of Oklahoma providing that practice of law within this state did not include work that, as undertaken, would constitute unauthorized practice of law.
A. For the purposes of this section, "practice of law" shall mean:
(a) Private practice as a sole practitioner or for a law firm, legal services office, legal clinic or similar entity, provided such practice was subsequent to being admitted to the practice of law in the reciprocal state in which that practice occurred;
(b) Practice as an attorney for a corporation, partnership, trust, individual or other entity, provided such practice was subsequent to being admitted to the practice of law in the reciprocal state in which the practice occurred and involved the primary duties of furnishing legal counsel, drafting legal documents and pleadings, interpreting and giving advice regarding the law, or preparing, trying or presenting cases before courts, executive departments, administrative bureaus, or agencies;
(c) Practice as an attorney for the federal, state, local government (including a territory, district, commonwealth or possession of the United States), branch of the armed services, or sovereign Indian nation with the same primary duties as described in Section I (b) above;
(d) Employment as a judge, magistrate, referee, law clerk, or similar official for the federal, state or local government (including a territory, district, commonwealth or possession of the United States); provided that such employment is available only to attorneys;
(e) Full time employment as a teacher of law at a law school approved by the American Bar Association; or
(f) Any combination of the above.
The period of the "practice of law" as defined above in subparagraphs 1(a) through 1(f) shall have occurred outside the State of Oklahoma under the supervision and subject to the disciplinary requirements of a reciprocal state bar association and supreme court. Applicants for admission without examination shall furnish such proof of practice and licensing as may be required by the Board. No applicant for admission without examination under this rule will be admitted if the applicant has taken and failed an Oklahoma bar examination or scored lower than 264 on a UBE bar examination without having later passed such examination within three years under Oklahoma requirements.
B.(g) Any applicant that has been denied Admission by Motion-Reciprocity by the OKBBE under the Rules Governing Admission to the Practice of Law in the State of Oklahoma based solely on the reason that the applicant was denied admission while practicing with a Special Temporary Permit and residing in Oklahoma, shall not be required to pay a fee for reapplying under this section, within two (2) years of December 1, 2021.
An attorney practicing in Oklahoma under a Special Temporary Permit cannot later gain admission via Admission Upon Motion if five of the past seven years of actual and continuous practice experience were acquired in Oklahoma.
Section 2. Applicant shall provide at his or her own expense a report by the National Conference of Bar Examiners.
Section 3. Applications must be upon forms prescribed by the Board of Bar Examiners.
Section 4. It is the purpose of this rule to grant reciprocity to qualified judges and lawyers from other reciprocal states and to secure for Oklahoma judges and lawyers like privileges. If the former state of the applicant does not grant to Oklahoma judges and lawyers the right of admission on motion, then this Rule shall not apply and the applicant must, before being admitted to practice in Oklahoma, comply with the provisions of Rule Four. If the former state of the applicant permits the admission of Oklahoma judges and lawyers upon motion but the their Rrules are more stringent, and exacting and contain other limitations, restrictions or conditions of admission and the fees required to be paid are higher, the admission of applicant shall be governed by the same their Rrules and shall pay the same fees which would apply to an applicant from Oklahoma seeking admission to the bar in the applicant's former state.
If the former state of the applicant permits the admission of Oklahoma judges and lawyers upon motion, but and the fees required to be paid are higher, the admission of applicant shall be governed by the same Rules and shall pay the same fees which would apply to an applicant from Oklahoma seeking admission to the bar in the applicant's former state.
If the applicant's actual and continuous practice for the past three of five seven years is from a nonreciprocal state that does not grant Oklahoma judges and lawyers the right of admission on motion, the professional experience from the former state will not be considered, and any professional experience from a nonreciprocal state cannot be combined with the professional experience from a reciprocal state to meet the requisite three of five of seven years of actual and continuous practice.
Section 5. Any person who is admitted to the practice of law in a reciprocal state and who remains under the supervision and subject to the disciplinary requirements of a reciprocal state bar association and supreme court who becomes a resident of Oklahoma to accept or continue employment by a person, firm, association or corporation engaged in business in Oklahoma other than the practice of law, whose full time job is, or will be, devoted to the business of such employer, and who receives, or will receive, his or her entire compensation from such employer for applicant's legal services, may be granted a Special Temporary Permit to practice law in Oklahoma, without examination, if the applicant would be fully qualified to take the bar examination in Oklahoma under the rules of the Supreme Court, and so long as such person remains in the employ of, and devotes his or her full time to the business of, and receives compensation for legal services from no other source than applicant's said employer. Upon the termination of such employment or transfer outside the State of Oklahoma, the right of such person to practice law in Oklahoma shall terminate immediately without further action from the Bar Association or the Supreme Court of Oklahoma unless such person shall have been admitted to practice law in this state pursuant to some other rule.
The application must comply with Section 2 of Rule Two and be accompanied by a certificate from the clerk of the highest appellate court of the state in which the applicant last practiced, showing that applicant has been admitted, and is a member in good standing of the bar of that state; and a certificate from the employer of such applicant showing applicant's employment by such employer and that applicant's full time employment will be by such employer in Oklahoma. The Special Temporary Permit shall recite that it is issued under this Rule, and shall briefly contain the contents thereof Such Special Temporary Permit shall be subject to Rule Ten of these Rules. An attorney practicing in Oklahoma under a Special Temporary Permit cannot gain admission via Rule Two, Section 2, Admission Upon Motion, if any of the five of the seven years immediately preceding of actual and continuous practice experience were acquired in Oklahoma under a Special Temporary Permit. 
Section 6. A person who is admitted to the practice of law in another state, and who is employed as a law professor at an Oklahoma law school accredited by the American Bar Association, may be granted a Special Temporary Permit to practice law in Oklahoma, without examination, while such person is so employed and devotes his or her full time to the teaching of law in such employment. The practice of law under such Special Temporary Permit shall be limited to assisting attorneys licensed in Oklahoma participating in a law school clinical program representing clients only in a law school clinical program, supervising legal interns in a law school clinical program, or providing pro bono services through the law school clinical program. Upon the termination of such employment, the right of such person to practice law in Oklahoma shall terminate immediately without further action from the Bar Association or the Supreme Court of Oklahoma unless such person shall have been admitted to the practice of law in this state pursuant to some other rule.
The applicant must comply with Section 2 of Rule Two and the application must be accompanied by a certificate from the clerk of the highest appellate court of the state in which applicant last practiced showing that the applicant has been admitted and is a member in good standing of the bar of that state; and a certificate from the Dean or Registrar of that law school employing such applicant, showing the date of the applicant's employment, the terms of such employment, and the applicant's professorial rank. Such Special Temporary Permit shall be subject to Rule Ten of these Rules. A law professor practicing in Oklahoma under a Special Temporary Permit cannot later gain admission via Admission Upon Motion if five of the past seven years of actual and continuous practice experience was acquired in Oklahoma under said Special Temporary Permit.
Section 7 5. A person who is the current spouse of a service member in the United States Uniformed Services and who meets the following requirements may, upon motion, apply to the Supreme Court for a Special Temporary Permit to be admitted to the practice of law in the State of Oklahoma, without the requirement of taking an examination, if the applicant would otherwise be fully qualified to take the bar examination in Oklahoma under the rules of the Supreme Court. An applicant shall:
a. Apply under this rule upon forms prescribed by the Board of Bar Examiners;
b. Be at least 18 years of age;
c. Hold a Juris Doctorate degree from an American Bar Association approved law school;
d. Be lawfully admitted to practice law in any other state, territory or commonwealth of the United States or in the District of Columbia;
e. Submit evidence of a passing score on the Multistate Professional Responsibility Examination;
f. Establish that the applicant is a member in good standing in all jurisdictions where the applicant was previously admitted;
g. Have good moral character, due respect for the law, and fitness to practice law;
h. Provide at his or her expense a background investigation to determine character and fitness from the National Conference of Bar Examiners, pursuant to Rule Four, Section 2(e);
i. Take the oath of attorneys which is set forth in Rule One, Section 4, of the Rules Governing Admission to the Practice of Law in the State of Oklahoma and file the same with the Clerk of the Supreme Court;
j. Sign the Roll of Attorneys; provided, however, that if the applicant is unable, by reason of absence, to sign the Roll, applicant may grant the power of attorney to the Administrative Director of the Board of Bar Examiners to sign said Roll of Attorneys for applicant;
k. Submit evidence which is satisfactory to the Supreme Court of the State of Oklahoma that the applicant is the current spouse of a service member in the United States Uniformed Services. This provision shall not be construed to apply to former military spouses; and
l. Submit evidence that the service member is on military orders within the State of Oklahoma.
No applicant for admission without examination under this section shall be admitted if the applicant has taken and failed an Oklahoma bar examination within the last five years without having later passed the examination.
Upon termination of the military status of either the dependent or the service member; or, in the event of a military transfer outside the State of Oklahoma, the right of such person to practice law in the State of Oklahoma shall terminate unless such person shall have been admitted to practice law in the State of Oklahoma pursuant to some other rule. If an applicant under this section should seek to gain admission to Oklahoma without examination, they must comply with Section 1 of Rule Two.
A person admitted under this section will not incur an application fee pursuant to Rule Seven (f) of these rules.
Any person admitted under this section must comply with the Rules Creating and Controlling the Oklahoma Bar Association as set forth in Title 5, Chapter 1, Appendix 1, Article 2, Section 5.
Any person admitted under this section will be subject to the provisions of Rule Ten of these rules.
Section 6. Grandfather clause: All special temporary permits granted under Rule 2 before December 1, 2021, shall continue under those same terms and conditions. Once the temporary permit terminates, the applicant cannot renew that permit and must seek admission to practice under the rules governing admission to the practice of law in the State of Oklahoma as amended on December 1, 2021.
RULE THREE
EXAMINATION COMPULSORY
No person other than those referred to in Rule Two shall be admitted to the practice of law in this state except upon recommendation of the Board of Bar Examiners obtained after such person shall have successfully taken the examination in writing, or as otherwise prescribed or be allowed to transfer a Uniform Bar Exam (UBE) score. Only those persons possessing the qualifications and fulfilling the conditions hereinafter prescribed shall be permitted to take an examination or seek UBE score transfer for admission to the practice of law in the State of Oklahoma.
RULE FOUR
ADMISSION BY EXAMINATION OR UBE SCORE TRANSFER
Section 1. When examination of an attorney of another jurisdiction is required of one who is not eligible for admission upon motion as provided in Rule Two hereof, such attorney may be permitted by the Board of Bar Examiners to take an examination or may transfer a verified UBE score within 3 years. Applicants with UBE scores older than 3 but less than 5 years may apply for admission based on the UBE score plus a period of active law practice for at least 2 years immediately preceding their Oklahoma application. The applicant shall be required to provide at his or her own expense a report by the National Conference of Bar Examiners.
Section 2. Registration as a law student may be accomplished by the filing of a verified application for registration by the 15th day of October of the student's second year of law school on forms prescribed by the Board of Bar Examiners setting forth such information as the Board requires including:
(a) Certificate of graduation with a Bachelor of Arts or Science degree (with a minimum of 120 college hours, at least 90 hours representing resident study) from a college whose credit hours are transferable to the University of Oklahoma, Oklahoma City University or University of Tulsa with transcript attached of undergraduate college work;
(b) Two (2) sets of fingerprints which may be submitted to both the Oklahoma State Bureau of Investigation and the Federal Bureau of Investigation for appropriate record reviews.
(c) Recent photograph.
(d) NCBE Student Application Report for Character and Fitness at his or her own expense.
The Board may, in its discretion, register nunc pro tunc students who have been enrolled in a law school accredited by the American Bar Association upon compliance with all applicable rules herein.
The application provided by this section shall be valid for a period of ten (10) years. In the event the applicant has not activated the application within this ten (10) year period, the application will no longer be valid and the file containing the application and required information will be destroyed.
Section 3. Application to take a bar exam shall be filed at least six months prior to the date of examination on forms prescribed by the Board of Bar Examiners setting forth such information as the Board requires. Such application shall contain proof of law school study with a certified transcript attached and a certificate of the law school dean or associate dean that the applicant has met the requirements for graduation with a Juris Doctor degree from a law school in the United States of America, its territories and possessions, accredited by the American Bar Association.
A person who matriculates at a law school which was accredited when applicant enrolled therein, and who completes the course of study and is graduated therefrom, shall be deemed a graduate of an accredited law school, even though the school's accreditation was withdrawn while the applicant was enrolled therein.
No applicant may be admitted by examination until he or she shall furnish evidence that a score satisfactory to the Board of Bar Examiners on the Multistate Professional Responsibility Examination has been attained.
Admission must be effected within one year after the date the applicant successfully completes the bar examination unless extended by the Board of Bar Examiners.
RULE FIVE 
EXAMINATION
In effect on March 1, 2021;
All applicants for admission by examination who score at least a 264 on the Uniform Bar Examination (UBE), either in Oklahoma or by transfer of the score from a UBE administered in another UBE jurisdiction authorized by the NCBE and are otherwise qualified under these rules shall be recommended by the Board of Bar Examiners to the practice of law in this state.
There shall be held two bar examinations each year, at dates, times, places and duration to be prescribed by the Board of Bar Examiners.
In effect until February 28, 2021;
A) Shall have attained a grade of at least 75% in the subject of Oklahoma Rules of Professional Conduct; and
B) shall have attained a combined grade equivalent to at least 75% on the examination given by the Board of Bar Examiners which shall include: 1) the Multistate Bar Examination (MBE); and 2) essay questions which cover combinations of the subjects hereinafter specified:
1. Oklahoma Rules of Professional Conduct
2. Commercial Law, which may include:
(a) Contracts
(b) Uniform Commercial Code
(c) Consumer Law
(d) Creditor's rights, including bankruptcy
3. Property
4. Procedural Law, which may include:
(a) Pleadings
(b) Practice
(c) Evidence
(d) Remedies (damages, restitution and equity)
5. Criminal Law
6. Business Associations, which may include:
(a) Agency
(b) Partnerships (including joint ventures)
(c) Corporations
(d) Limited Liability Companies
7. Constitutional and Administrative Law
8. Torts
9. Intestate Succession, wills, trusts, estate planning, which may include federal estate and gift taxation
10. Conflicts of Law
11. Family Law
and C) are otherwise qualified under these rules
shall be recommended by the Board of Bar Examiners to the practice of law in this state.
Any applicant who is otherwise qualified to be recommended for admission to the Bar except by reason of failure to pass satisfactorily the section of the Oklahoma Bar Examination concerning the Oklahoma Rules of Professional Conduct shall be eligible for re-examination in the subject Oklahoma Rules of Professional Conduct. Such re-examination shall be conducted by the Board at a time and place to be fixed by the Board and may be written or oral or both. If, upon such re-examination, the applicant receives a satisfactory grade in the subject Oklahoma Rules of Professional Conduct and is found by the Board to have otherwise qualified to be recommended for admission to the Bar, such applicant shall thereupon be so recommended. Any applicant who fails to receive a satisfactory grade upon such re-examination shall be required to reapply for permission to take a further examination concerning the Oklahoma Rules of Professional Conduct, which may be given at the discretion of the Board.
There shall be held two bar examinations each year, at dates, times, places and duration to be prescribed by the Board of Bar Examiners.
RULE SIX
ADDITIONAL EXAMINATIONS
In the event of the failure of an applicant to pass any examination, such applicant, if otherwise qualified under these Rules, may be permitted to take any number of subsequent examinations upon filing an additional application with the Board of Bar Examiners proving continued good moral character and fitness to practice law. The application shall be filed by May 15 for the July examination and by December 15 for the February examination.
RULE SEVEN
FEES
The following non-refundable fees shall be paid to the Board of Bar Examiners at the time of filing of the application:
(a) Registration:
Regular . . . . . . . . . . . . $125
Nunc Pro Tunc . . . . . . . $500
(b) By each applicant for admission upon motion: the sum of $2,000.
(c) By each applicant for admission by examination under Rule Four, §1:
FEBRUARY BAR EXAM
Application filed on or before:
1 September . . . . .$1,250
1 October . . . . . . .$1,300
1 November . . . . .$1,400
JULY BAR EXAM
Application filed on or before:
1 February . . . . ..$1,250
1 March . . . . . . . .$1,300
1 April . . . . . . . . .$1,400
or applicants for admission by UBE score transfer only who are licensed in another jurisdiction or have not previously registered as a law student: the sum of $1,250
(d) By each applicant for a Special Temporary Permit under Rule Two, §5: the sum of $750. there will not be any fee charged to the applicant.
(e) By each applicant for admission by a Special Temporary Permit under Rule Two, §6: the sum of $100.
(g)(e) By each applicant for a Temporary Permit under Rule Nine: $150.
(h)(f) By each applicant for admission by examination who have previously registered as a law student:
FEBRUARY BAR EXAM
Application filed on or before:
1 September . . . . . $650
1 October . . . . . . $700
1 November . . . . . $800
In effect until May 31, 2021;
JULY BAR EXAM
Application filed on or before:
1 February . . . . . . $400 
1 March . . . . . . . $450 
1 April . . . . . . . . $550 
In effect on June 1, 2021;
JULY BAR EXAM
Application filed on or before:
1 February . . . . . . $650
1 March . . . . . . . $700
1 April . . . . . . . . $800
RULE EIGHT
REQUEST FOR LIST OF 
INDIVIDUAL GRADES BAR EXAM RESULTS
Any applicant who has failed the bar examination may, upon request, obtain from the Board of Bar Examiners a list showing the grades which were awarded on each essay question given in said examination and copies of applicant's answers to essay questions. The applicant shall pay a $75 processing fee payable to the Board of Bar Examiners. The written request must be made within thirty (30) days following the announcement of results of the examination. Applicants who have passed the bar examination may not obtain copies of their answers to the essay questions. 
Examinees will be given their scaled MBE score, the scaled score for the written component as a whole, and their total UBE scaled score.
RULE NINE
TEMPORARY PERMITS
A. Temporary permits to practice law until the conclusion of the next succeeding bar examination and report of the results thereof may be granted upon the recommendation of the Board of Bar Examiners after a showing of public convenience and necessity, which shall include but not be limited to a showing by a qualified legal services provider as defined in subsection B of this rule, or in the private sector where a case of extreme hardship is shown, provided the applicant has taken and passed the Multistate Professional Responsibility Examination. All applicants for temporary permit to practice law shall file with the Board of Bar Examiners an application for such temporary permit in addition to regular application for admission to the bar examination. The Board shall, as soon as practicable, report its recommendation on such application for temporary permit to the Supreme Court, together with a copy of such application.
B. A "qualified legal services provider" means a not for profit legal services organization whose primary purpose is to provide legal services to low income clients or a legal department within a not for profit organization that employs at least one (1) lawyer full time to provide legal services to low income clients.
RULE TEN
EXPIRATION OF TEMPORARY PERMIT
The temporary permit of any person who takes the bar examination shall expire on the date that the successful applicants at that examination are sworn in provided that the temporary permit of any person who fails the bar examination shall be revoked effective immediately upon the announcement of the results of such bar examination by the Administrative Director of the Board of Bar Examiners.
RULE ELEVEN
HEARING AS TO CHARACTER AND/OR FITNESS
Section 1. If the Board of Bar Examiners decides to deny an application to take the bar examination or to deny an application for admission to practice law on any ground except failure to pass the bar examination, written Notice of Denial shall be mailed to the applicant citing the Rule upon which the denial is based. The Notice of Denial must adequately inform the applicant of the nature of the evidence upon which the denial is based. The Notice of Denial may be modified by the Board prior to any hearing on the denial as long as the applicant has sufficient notice. Subject to the foregoing, the Notice of Denial places in issue all matters that may relate, directly or indirectly, to the applicant's eligibility to practice law in the State of Oklahoma.
Section 2. The Board of Bar Examiners shall have the power to order a hearing on its own motion before making a decision on any application. Written notice of such a hearing shall be given to the applicant. The hearing procedures set forth in this Rule Eleven shall apply both to hearings ordered by the Board and to hearings requested by an applicant.
Section 3. An applicant, who receives a Notice of Denial without a prior hearing before the Board of Bar Examiners, may take issue with the denial and request a hearing before the Board. The hearing request must be written and shall be delivered to the Board within twenty (20) days after the Notice of Denial was mailed to the applicant. Delivery to the Administrative Director of the Board shall be considered delivery to the Board for purposes of this Rule Eleven.
Section 4. In any hearing conducted under this Rule Eleven, the applicant shall have the right to be represented by counsel and to present evidence. The Board of Bar Examiners may also be represented by counsel. At the request of the applicant or the Board, the Clerk of the Supreme Court of Oklahoma shall issue subpoenas for witnesses and subpoena duces tecum in connection with the hearing. At the hearing, the Board shall administer oaths and affirmations, receive the evidence, and decide on the application.
Section 5. The Board shall furnish a certified court reporter to record the proceedings at hearings under this Rule Eleven. If an applicant desires a transcript of the hearing, the applicant must order the transcript from the court reporter at the applicant's expense, and a copy must be furnished to the Board at the applicant's expense.
Section 6. Hearings held under this Rule Eleven shall be heard by at least a three-member panel of the Board of Bar Examiners herein referred to as the Hearing Panel. The Chairperson or his or her designee shall preside as the hearing officer. The decision on the application must be made by a majority of the Hearing Panel.
Section 7. The decision of the Hearing Panel of the Board of Bar Examiners following a hearing conducted under this Rule Eleven shall be reduced to written form and mailed to applicant or applicant's counsel. All denial decisions shall include findings of fact and conclusions of law.
Section 8. (a) An applicant whose application is denied by the Hearing Panel of the Board of Bar Examiners following a Rule Eleven hearing, may appeal to the Supreme Court of Oklahoma by filing twelve (12) copies of a Notice of Appeal with the Clerk of the Supreme Court and one copy of a Notice of Appeal with the Board. The Notice of Appeal and cost bond shall be filed by the applicant with the Clerk of the Supreme Court within thirty (30) days after the Hearing Panel's written decision was mailed to the applicant or his/her counsel. The Notice of Appeal shall set forth the basis for the appeal. Any findings of fact and conclusions of law issued by the Hearing Panel in connection with the Rule Eleven hearing shall be attached to the Notice of Appeal.
(b) At the same time the Notice of Appeal is filed, the applicant shall also file a good and sufficient cost bond to be approved by the Clerk of the Supreme Court in an amount sufficient to defray the costs of the appeal, including the Rule Eleven hearing transcript.
(c) Within thirty (30) days after the court reporter has advised the applicant and the Board that the transcript of the Rule Eleven hearing is complete, the applicant must file twelve (12) copies of applicant's Brief in Chief in support of applicant's appeal with the Clerk of the Supreme Court and one copy of applicant's Brief in Chief with the Administrative Director of the Board. Within forty (40) days after receipt of the applicant's Brief in Chief the Board must file twelve (12) copies of its Answer Brief with the Clerk of the Supreme Court and send one copy to applicant or applicant's counsel. Within thirty (30) days after receipt of the Board's Answer Brief, the applicant may file twelve (12) copies of a Reply Brief with the Clerk of the Supreme Court.
(d) Once filed with the Clerk of the Supreme Court, the appeal shall be subject to the rules of the Supreme Court of the State of Oklahoma.
Section 9. The burden of establishing eligibility for admission to the Bar of this state, for registration as a law student, or to take an examination, shall rest on the applicant at all stages of the proceedings.
RULE TWELVE
INDEPENDENT INVESTIGATION
In determining the right of any applicant to admission, the Board of Bar Examiners shall have the power to make such independent investigation and require such additional showing as it may deem proper and it shall take into consideration in determining the right of the applicant to admission, such facts as it may have ascertained in such investigation. Any member of the Board participating in such an investigation of an applicant shall not serve in the adjudicatory capacity concerning the applicant.
RULE THIRTEEN
DENIAL UNDER RULE ELEVEN FOR FAILURE TO DEMONSTRATE GOOD MORAL CHARACTER,
DUE RESPECT FOR THE LAW, AND FITNESS TO PRACTICE LAW -- MINIMUM TIME REQUIREMENT FOR REAPPLICATION
If the decision by the Board to deny an application is based, in whole or in part, on the failure of the applicant to demonstrate good moral character, due respect for the law, or fitness to practice law, the applicant may not reapply for admission within a period of sixty (60) months after the date of mailing the initial rejection notice pursuant to Rule 11, §1, unless for good cause shown, a shorter time period is ordered by the Board.
RULE FOURTEEN
CONFIDENTIALITY OF RECORDS, INVESTIGATIONS AND RESULTS
The Board of Bar Examiners shall not disclose the contents of any records which it maintains on an applicant, including but not limited to information obtained by the Board in connection with investigations into the moral character of an applicant, and including the results of any such investigation except as follows:
(a) When the Board deems it necessary to disclose to a third party during the course of an ongoing investigation of an applicant by the Board.
(b) In response to a valid subpoena issued by a court of competent jurisdiction having authority under the laws of the State of Oklahoma to issue and enforce subpoenas.
(c) To an admission authority of a bar association, or committee thereof, either state or federal, of any jurisdiction which exercises disciplinary or investigative authority over attorneys or applicants.
(d) Pursuant to an order of the Oklahoma Supreme Court.
An applicant shall have no right to demand disclosure of complaints submitted to the Board or information obtained by the Board in the course of an investigation unless and until the applicant has received notice from the Board pursuant to Section 1 of Rule 11 that his/her application has been denied. In such event, the applicant shall be entitled to all information in his/her file, used or obtained by the Board, not otherwise privileged, which is relevant to the reasons for the denial of the application.
Reports prepared for the Board by its attorney or by an examiner or associate examiner are privileged and are not required to be disclosed to the applicant or third party without an order from the Supreme Court. The Board shall have the right to voluntarily disclose to the applicant any information in the applicant's file.
Nothing set forth in this Rule shall prohibit the Board from refusing to turn over information it deems imprudent to disclose pursuant to a request under subparagraph (c) above or from making an objection to the disclosure of information pursuant to subparagraphs (b) or (d) above.
In the event the Board of Bar Examiners provides confidential information pursuant to the provisions of subparagraph (b), (c) or (d) above, the Board shall give the applicant or attorney written notice of such action prior to the disclosure of the information by mailing such notice to the applicant's last known address.
RULE FIFTEEN
a) The Board of Bar Examiners and its members, employees and agents are immune from all civil liability for damages for conduct and communications occurring in the performance of and within the scope of their official duties relating to the examination, character and fitness qualification, and licensing of persons seeking to be admitted to the practice of law or seeking to be registered as a law student.
(b) Records, statements of opinion and other information regarding an applicant for admission to the bar or for registration as a law student communicated by any entity, including any person, firm or institution, without malice, to the Board of Bar Examiners, or its members, employees or agents, are privileged and civil suits for damages predicated thereon may not be instituted.
RULE SIXTEEN
All rules or regulations governing the subject matter herein covered previously in effect are hereby cancelled, annulled, revoked, and hereafter to be of no force or effect.




EXHIBIT A
Rules Governing Admission to the Practice of Law in the State of Oklahoma
Chapter 1, App. 5
Rule 2. Admission Upon Motion Without Examination.
For purposes of this Rule, the term "reciprocal state" shall mean a state which grants Oklahoma judges and lawyers the right of admission on motion, without the requirement of taking an examination and whose requirements for admission are similar to Oklahoma's admission upon motion without examination standards. Reciprocal state includes the District of Columbia, territories, districts, and commonwealths or possessions of the United States.
The following persons, when found by the Board of Bar Examiners to be qualified under Section I and 2 of Rule One, may be admitted by the Supreme Court to the practice of law in the State of Oklahoma upon the recommendation and motion of the Board, without examination:
Section 1. Persons who are graduates of an American Bar Association approved law school, have been lawfully admitted to practice and are in good standing on active status by a reciprocal state, and have engaged in the actual and continuous practice of law under the supervision and subject to the disciplinary requirements of a reciprocal state bar association or supreme court for at least three of five years immediately preceding application for admission under this Rule. The years of practice earned under the supervision and subject to the disciplinary requirements of multiple reciprocal states may be combined. "Practice of Law" shall not be required to occur outside of Oklahoma providing that practice of law within this state did not include work that, as undertaken, would constitute unauthorized practice of law.
A. For the purposes of this section, "practice of law" shall mean:
(a) Private practice as a sole practitioner or for a law firm, legal services office, legal clinic or similar entity, provided such practice was subsequent to being admitted to the practice of law in the reciprocal state in which that practice occurred;
(b) Practice as an attorney for a corporation, partnership, trust, individual or other entity, provided such practice was subsequent to being admitted to the practice of law in the reciprocal state in which the practice occurred and involved the primary duties of furnishing legal counsel, drafting legal documents and pleadings, interpreting and giving advice regarding the law, or preparing, trying or presenting cases before courts, executive departments, administrative bureaus, or agencies;
(c) Practice as an attorney for the federal, state, local government (including a territory, district, commonwealth or possession of the United States), branch of the armed services, or sovereign Indian nation with the same primary duties as described in Section I (b) above;
(d) Employment as a judge, magistrate, referee, law clerk, or similar official for the federal, state or local government (including a territory, district, commonwealth or possession of the United States); provided that such employment is available only to attorneys;
(e) Full time employment as a teacher of law at a law school approved by the American Bar Association; or
(f) Any combination of the above.
Applicants for admission without examination shall furnish such proof of practice and licensing as may be required by the Board. No applicant for admission without examination under this rule will be admitted if the applicant has taken and failed an Oklahoma bar examination or scored lower than 264 on a UBE bar examination within three years under Oklahoma requirements.
B. Any applicant that has been denied Admission by Motion-Reciprocity by the OKBBE under the Rules Governing Admission to the Practice of Law in the State of Oklahoma based solely on the reason that the applicant was denied admission while practicing with a Special Temporary Permit and residing in Oklahoma, shall not be required to pay a fee for reapplying under this section, within two (2) years of December 1, 2021.
Section 2. Applicant shall provide at his or her own expense a report by the National Conference of Bar Examiners.
Section 3. Applications must be upon forms prescribed by the Board of Bar Examiners.
Section 4. It is the purpose of this rule to grant reciprocity to qualified judges and lawyers from other reciprocal states and to secure for Oklahoma judges and lawyers like privileges. If the former state of the applicant permits the admission of Oklahoma judges and lawyers upon motion but their rules are more stringent, and exacting and contain other limitations, restrictions or conditions of admission, the admission of applicant shall be governed by their rules which would apply to an applicant from Oklahoma seeking admission to the bar in the applicant's former state.
If the former state of the applicant permits the admission of Oklahoma judges and lawyers upon motion, but the fees required to be paid are higher, the applicant shall pay the same fees which would apply to an applicant from Oklahoma seeking admission to the bar in the applicant's former state.
If the applicant's actual and continuous practice for the past three of five years is from a nonreciprocal state that does not grant Oklahoma judges and lawyers the right of admission on motion, the professional experience from the former state will not be considered, and any professional experience from a nonreciprocal state cannot be combined with the professional experience from a reciprocal state to meet the requisite three of five years of actual and continuous practice.
Section 5. A person who is the current spouse of a service member in the United States Uniformed Services and who meets the following requirements may, upon motion, apply to the Supreme Court for a Special Temporary Permit to be admitted to the practice of law in the State of Oklahoma, without the requirement of taking an examination, if the applicant would otherwise be fully qualified to take the bar examination in Oklahoma under the rules of the Supreme Court. An applicant shall:
a. Apply under this rule upon forms prescribed by the Board of Bar Examiners;
b. Be at least 18 years of age;
c. Hold a Juris Doctorate degree from an American Bar Association approved law school;
d. Be lawfully admitted to practice law in any other state, territory or commonwealth of the United States or in the District of Columbia;
e. Submit evidence of a passing score on the Multistate Professional Responsibility Examination;
f. Establish that the applicant is a member in good standing in all jurisdictions where the applicant was previously admitted;
g. Have good moral character, due respect for the law, and fitness to practice law;
h. Provide at his or her expense a background investigation to determine character and fitness from the National Conference of Bar Examiners, pursuant to Rule Four, Section 2(e);
i. Take the oath of attorneys which is set forth in Rule One, Section 4, of the Rules Governing Admission to the Practice of Law in the State of Oklahoma and file the same with the Clerk of the Supreme Court;
j. Sign the Roll of Attorneys; provided, however, that if the applicant is unable, by reason of absence, to sign the Roll, applicant may grant the power of attorney to the Administrative Director of the Board of Bar Examiners to sign said Roll of Attorneys for applicant;
k. Submit evidence which is satisfactory to the Supreme Court of the State of Oklahoma that the applicant is the current spouse of a service member in the United States Uniformed Services. This provision shall not be construed to apply to former military spouses; and
l. Submit evidence that the service member is on military orders within the State of Oklahoma.
No applicant for admission without examination under this section shall be admitted if the applicant has taken and failed an Oklahoma bar examination within the last five years without having later passed the examination.
Upon termination of the military status of either the dependent or the service member; or, in the event of a military transfer outside the State of Oklahoma, the right of such person to practice law in the State of Oklahoma shall terminate unless such person shall have been admitted to practice law in the State of Oklahoma. If an applicant under this section should seek to gain admission to Oklahoma without examination, they must comply with Section 1 of Rule Two.
A person admitted under this section will not incur an application fee pursuant to Rule Seven (f) of these rules.
Any person admitted under this section must comply with the Rules Creating and Controlling the Oklahoma Bar Association as set forth in Title 5, Chapter 1, Appendix 1, Article 2, Section 5.
Any person admitted under this section will be subject to the provisions of Rule Ten of these rules.
Section 6. Grandfather clause: All special temporary permits granted under Rule 2 before December 1, 2021, shall continue under those same terms and conditions. Once the temporary permit terminates, the applicant cannot renew that permit and must seek admission to practice under the rules governing admission to the practice of law in the State of Oklahoma as amended on December 1, 2021.
RULE THREE
EXAMINATION COMPULSORY
No person other than those referred to in Rule Two shall be admitted to the practice of law in this state except upon recommendation of the Board of Bar Examiners obtained after such person shall have successfully taken the examination in writing, or as otherwise prescribed or be allowed to transfer a Uniform Bar Exam (UBE) score. Only those persons possessing the qualifications and fulfilling the conditions hereinafter prescribed shall be permitted to take an examination or seek UBE score transfer for admission to the practice of law in the State of Oklahoma.
RULE FOUR
ADMISSION BY EXAMINATION OR UBE SCORE TRANSFER
Section 1. When examination of an attorney of another jurisdiction is required of one who is not eligible for admission upon motion as provided in Rule Two hereof, such attorney may be permitted by the Board of Bar Examiners to take an examination or may transfer a verified UBE score within 3 years. The applicant shall be required to provide at his or her own expense a report by the National Conference of Bar Examiners.
Section 2. Registration as a law student may be accomplished by the filing of a verified application for registration by the 15th day of October of the student's second year of law school on forms prescribed by the Board of Bar Examiners setting forth such information as the Board requires including:
(a) Certificate of graduation with a Bachelor of Arts or Science degree (with a minimum of 120 college hours, at least 90 hours representing resident study) from a college whose credit hours are transferable to the University of Oklahoma, Oklahoma City University or University of Tulsa with transcript attached of undergraduate college work;
(b) Two (2) sets of fingerprints which may be submitted to both the Oklahoma State Bureau of Investigation and the Federal Bureau of Investigation for appropriate record reviews.
(c) Recent photograph.
(d) NCBE Student Application Report for Character and Fitness at his or her own expense.
The Board may, in its discretion, register nunc pro tunc students who have been enrolled in a law school accredited by the American Bar Association upon compliance with all applicable rules herein.
The application provided by this section shall be valid for a period of ten (10) years. In the event the applicant has not activated the application within this ten (10) year period, the application will no longer be valid and the file containing the application and required information will be destroyed.
Section 3. Application to take a bar exam shall be filed at least six months prior to the date of examination on forms prescribed by the Board of Bar Examiners setting forth such information as the Board requires. Such application shall contain proof of law school study with a certified transcript attached and a certificate of the law school dean or associate dean that the applicant has met the requirements for graduation with a Juris Doctor degree from a law school in the United States of America, its territories and possessions, accredited by the American Bar Association.
A person who matriculates at a law school which was accredited when applicant enrolled therein, and who completes the course of study and is graduated therefrom, shall be deemed a graduate of an accredited law school, even though the school's accreditation was withdrawn while the applicant was enrolled therein.
No applicant may be admitted by examination until he or she shall furnish evidence that a score satisfactory to the Board of Bar Examiners on the Multistate Professional Responsibility Examination has been attained.
Admission must be effected within one year after the date the applicant successfully completes the bar examination unless extended by the Board of Bar Examiners.
RULE FIVE 
EXAMINATION
In effect on March 1, 2021;
All applicants for admission by examination who score at least a 264 on the Uniform Bar Examination (UBE), either in Oklahoma or by transfer of the score from a UBE administered in another UBE jurisdiction authorized by the NCBE and are otherwise qualified under these rules shall be recommended by the Board of Bar Examiners to the practice of law in this state.
There shall be held two bar examinations each year, at dates, times, places and duration to be prescribed by the Board of Bar Examiners.
RULE SIX
ADDITIONAL EXAMINATIONS
In the event of the failure of an applicant to pass any examination, such applicant, if otherwise qualified under these Rules, may be permitted to take any number of subsequent examinations upon filing an additional application with the Board of Bar Examiners proving continued good moral character and fitness to practice law. The application shall be filed by May 15 for the July examination and by December 15 for the February examination.
RULE SEVEN
FEES
The following non-refundable fees shall be paid to the Board of Bar Examiners at the time of filing of the application:
(a) Registration:
Regular . . . . . . . . . . . . $125
Nunc Pro Tunc . . . . . . . $500
(b) By each applicant for admission upon motion: the sum of $2,000.
(c) By each applicant for admission by examination under Rule Four, §1:
FEBRUARY BAR EXAM
Application filed on or before:
1 September . . . . .$1,250
1 October . . . . . . .$1,300
1 November . . . . .$1,400
JULY BAR EXAM
Application filed on or before:
1 February . . . . ..$1,250
1 March . . . . . . . .$1,300
1 April . . . . . . . . .$1,400
or applicants for admission by UBE score transfer only who are licensed in another jurisdiction or have not previously registered as a law student: the sum of $1,250
(d) By each applicant for a Special Temporary Permit under Rule Two, §5: there will not be any fee charged to the applicant.
(e) By each applicant for a Temporary Permit under Rule Nine: $150.
(f) By each applicant for admission by examination who have previously registered as a law student:
FEBRUARY BAR EXAM
Application filed on or before:
1 September . . . . . $650
1 October . . . . . . $700
1 November . . . . . $800
In effect on June 1, 2021;
JULY BAR EXAM
Application filed on or before:
1 February . . . . . . $650
1 March . . . . . . . $700
1 April . . . . . . . . $800
RULE EIGHT
BAR EXAM RESULTS
Examinees will be given their scaled MBE score, the scaled score for the written component as a whole, and their total UBE scaled score.
RULE NINE
TEMPORARY PERMITS
A. Temporary permits to practice law until the conclusion of the next succeeding bar examination and report of the results thereof may be granted upon the recommendation of the Board of Bar Examiners after a showing of public convenience and necessity, which shall include but not be limited to a showing by a qualified legal services provider as defined in subsection B of this rule, or in the private sector where a case of extreme hardship is shown, provided the applicant has taken and passed the Multistate Professional Responsibility Examination. All applicants for temporary permit to practice law shall file with the Board of Bar Examiners an application for such temporary permit in addition to regular application for admission to the bar examination. The Board shall, as soon as practicable, report its recommendation on such application for temporary permit to the Supreme Court, together with a copy of such application.
B. A "qualified legal services provider" means a not for profit legal services organization whose primary purpose is to provide legal services to low income clients or a legal department within a not for profit organization that employs at least one (1) lawyer full time to provide legal services to low income clients.
RULE TEN
EXPIRATION OF TEMPORARY PERMIT
The temporary permit of any person who takes the bar examination shall expire on the date that the successful applicants at that examination are sworn in provided that the temporary permit of any person who fails the bar examination shall be revoked effective immediately upon the announcement of the results of such bar examination by the Administrative Director of the Board of Bar Examiners.
RULE ELEVEN
HEARING AS TO CHARACTER AND/OR FITNESS
Section 1. If the Board of Bar Examiners decides to deny an application to take the bar examination or to deny an application for admission to practice law on any ground except failure to pass the bar examination, written Notice of Denial shall be mailed to the applicant citing the Rule upon which the denial is based. The Notice of Denial must adequately inform the applicant of the nature of the evidence upon which the denial is based. The Notice of Denial may be modified by the Board prior to any hearing on the denial as long as the applicant has sufficient notice. Subject to the foregoing, the Notice of Denial places in issue all matters that may relate, directly or indirectly, to the applicant's eligibility to practice law in the State of Oklahoma.
Section 2. The Board of Bar Examiners shall have the power to order a hearing on its own motion before making a decision on any application. Written notice of such a hearing shall be given to the applicant. The hearing procedures set forth in this Rule Eleven shall apply both to hearings ordered by the Board and to hearings requested by an applicant.
Section 3. An applicant, who receives a Notice of Denial without a prior hearing before the Board of Bar Examiners, may take issue with the denial and request a hearing before the Board. The hearing request must be written and shall be delivered to the Board within twenty (20) days after the Notice of Denial was mailed to the applicant. Delivery to the Administrative Director of the Board shall be considered delivery to the Board for purposes of this Rule Eleven.
Section 4. In any hearing conducted under this Rule Eleven, the applicant shall have the right to be represented by counsel and to present evidence. The Board of Bar Examiners may also be represented by counsel. At the request of the applicant or the Board, the Clerk of the Supreme Court of Oklahoma shall issue subpoenas for witnesses and subpoena duces tecum in connection with the hearing. At the hearing, the Board shall administer oaths and affirmations, receive the evidence, and decide on the application.
Section 5. The Board shall furnish a certified court reporter to record the proceedings at hearings under this Rule Eleven. If an applicant desires a transcript of the hearing, the applicant must order the transcript from the court reporter at the applicant's expense, and a copy must be furnished to the Board at the applicant's expense.
Section 6. Hearings held under this Rule Eleven shall be heard by at least a three-member panel of the Board of Bar Examiners herein referred to as the Hearing Panel. The Chairperson or his or her designee shall preside as the hearing officer. The decision on the application must be made by a majority of the Hearing Panel.
Section 7. The decision of the Hearing Panel of the Board of Bar Examiners following a hearing conducted under this Rule Eleven shall be reduced to written form and mailed to applicant or applicant's counsel. All denial decisions shall include findings of fact and conclusions of law.
Section 8. (a) An applicant whose application is denied by the Hearing Panel of the Board of Bar Examiners following a Rule Eleven hearing, may appeal to the Supreme Court of Oklahoma by filing twelve (12) copies of a Notice of Appeal with the Clerk of the Supreme Court and one copy of a Notice of Appeal with the Board. The Notice of Appeal and cost bond shall be filed by the applicant with the Clerk of the Supreme Court within thirty (30) days after the Hearing Panel's written decision was mailed to the applicant or his/her counsel. The Notice of Appeal shall set forth the basis for the appeal. Any findings of fact and conclusions of law issued by the Hearing Panel in connection with the Rule Eleven hearing shall be attached to the Notice of Appeal.
(b) At the same time the Notice of Appeal is filed, the applicant shall also file a good and sufficient cost bond to be approved by the Clerk of the Supreme Court in an amount sufficient to defray the costs of the appeal, including the Rule Eleven hearing transcript.
(c) Within thirty (30) days after the court reporter has advised the applicant and the Board that the transcript of the Rule Eleven hearing is complete, the applicant must file twelve (12) copies of applicant's Brief in Chief in support of applicant's appeal with the Clerk of the Supreme Court and one copy of applicant's Brief in Chief with the Administrative Director of the Board. Within forty (40) days after receipt of the applicant's Brief in Chief the Board must file twelve (12) copies of its Answer Brief with the Clerk of the Supreme Court and send one copy to applicant or applicant's counsel. Within thirty (30) days after receipt of the Board's Answer Brief, the applicant may file twelve (12) copies of a Reply Brief with the Clerk of the Supreme Court.
(d) Once filed with the Clerk of the Supreme Court, the appeal shall be subject to the rules of the Supreme Court of the State of Oklahoma.
Section 9. The burden of establishing eligibility for admission to the Bar of this state, for registration as a law student, or to take an examination, shall rest on the applicant at all stages of the proceedings.
RULE TWELVE
INDEPENDENT INVESTIGATION
In determining the right of any applicant to admission, the Board of Bar Examiners shall have the power to make such independent investigation and require such additional showing as it may deem proper and it shall take into consideration in determining the right of the applicant to admission, such facts as it may have ascertained in such investigation. Any member of the Board participating in such an investigation of an applicant shall not serve in the adjudicatory capacity concerning the applicant.
RULE THIRTEEN
DENIAL UNDER RULE ELEVEN FOR FAILURE TO DEMONSTRATE GOOD MORAL CHARACTER,
DUE RESPECT FOR THE LAW, AND FITNESS TO PRACTICE LAW -- MINIMUM TIME REQUIREMENT FOR REAPPLICATION
If the decision by the Board to deny an application is based, in whole or in part, on the failure of the applicant to demonstrate good moral character, due respect for the law, or fitness to practice law, the applicant may not reapply for admission within a period of sixty (60) months after the date of mailing the initial rejection notice pursuant to Rule 11, §1, unless for good cause shown, a shorter time period is ordered by the Board.
RULE FOURTEEN
CONFIDENTIALITY OF RECORDS, INVESTIGATIONS AND RESULTS
The Board of Bar Examiners shall not disclose the contents of any records which it maintains on an applicant, including but not limited to information obtained by the Board in connection with investigations into the moral character of an applicant, and including the results of any such investigation except as follows:
(a) When the Board deems it necessary to disclose to a third party during the course of an ongoing investigation of an applicant by the Board.
(b) In response to a valid subpoena issued by a court of competent jurisdiction having authority under the laws of the State of Oklahoma to issue and enforce subpoenas.
(c) To an admission authority of a bar association, or committee thereof, either state or federal, of any jurisdiction which exercises disciplinary or investigative authority over attorneys or applicants.
(d) Pursuant to an order of the Oklahoma Supreme Court.
An applicant shall have no right to demand disclosure of complaints submitted to the Board or information obtained by the Board in the course of an investigation unless and until the applicant has received notice from the Board pursuant to Section 1 of Rule 11 that his/her application has been denied. In such event, the applicant shall be entitled to all information in his/her file, used or obtained by the Board, not otherwise privileged, which is relevant to the reasons for the denial of the application.
Reports prepared for the Board by its attorney or by an examiner or associate examiner are privileged and are not required to be disclosed to the applicant or third party without an order from the Supreme Court. The Board shall have the right to voluntarily disclose to the applicant any information in the applicant's file.
Nothing set forth in this Rule shall prohibit the Board from refusing to turn over information it deems imprudent to disclose pursuant to a request under subparagraph (c) above or from making an objection to the disclosure of information pursuant to subparagraphs (b) or (d) above.
In the event the Board of Bar Examiners provides confidential information pursuant to the provisions of subparagraph (b), (c) or (d) above, the Board shall give the applicant or attorney written notice of such action prior to the disclosure of the information by mailing such notice to the applicant's last known address.
RULE FIFTEEN
a) The Board of Bar Examiners and its members, employees and agents are immune from all civil liability for damages for conduct and communications occurring in the performance of and within the scope of their official duties relating to the examination, character and fitness qualification, and licensing of persons seeking to be admitted to the practice of law or seeking to be registered as a law student.
(b) Records, statements of opinion and other information regarding an applicant for admission to the bar or for registration as a law student communicated by any entity, including any person, firm or institution, without malice, to the Board of Bar Examiners, or its members, employees or agents, are privileged and civil suits for damages predicated thereon may not be instituted.
RULE SIXTEEN
All rules or regulations governing the subject matter herein covered previously in effect are hereby cancelled, annulled, revoked, and hereafter to be of no force or effect.




 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 








 
 
 
 

 
 




 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA